UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | Criminal Number: 14-CR-109-1 (ABJ) |
| v. ) | |
| NYDIA PEREZ ) | Count One:  18 U.S.C. § 1001(a)(2) (Making a Materially False Representation) |
| Defendant. ) | |

**FILED**
MAY 3 0 2014
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

### FACTUAL BASIS FOR PLEA

The United States of America, by and through its undersigned attorney within the United States Department of Justice, Criminal Division, Public Integrity Section, and the defendant, NYDIA PEREZ, personally and through her undersigned counsel, hereby stipulate to the following facts pursuant to U.S. Sentencing Guideline § 6A1.1 and Rule 32(c)(1) of the Federal Rules of Criminal Procedure:

1.  In December 2013, defendant NYDIA PEREZ worked for the U.S. Drug Enforcement Administration in the United States Embassy, Bogota, Colombia. PEREZ lived in Bogota, Colombia, with her husband, co-defendant John SOTO.

2.  In December 2013, defendants PEREZ and SOTO designed and executed a hoax aimed at the United States Embassy in Bogota and agencies responsible for the security of embassy personnel and their families.

3.  On December 14, 2013, PEREZ and SOTO caused an e-mail to be sent to the American Citizen Services section of the United States Embassy, which described a plan by unnamed individuals to kidnap SOTO's minor children, who are United States citizens. The e-mail included photos of the minor children engaged in various everyday activities in order to enhance the seriousness of the threat. In furtherance of the hoax, PEREZ and SOTO also mailed a package to the United States Embassy. The package contained a written description of the threat and additional photos of the children, in order to demonstrate the seriousness of the threat.

NP  2/0  5/30/14

4. PEREZ met with agents of the Federal Bureau of Investigation ("FBI") on December 17, 2013 to discuss the kidnapping threat. PEREZ lied to the FBI as to her knowledge of the purported kidnapping plot, stating that the only person she could think of who was capable of creating a kidnapping plot was her family's doorman, Heder Vargas. PEREZ falsely represented that she and SOTO, as well as SOTO's minor children, were potential targets of the purported kidnapping plot, although she knew the kidnapping plot was in fact a hoax. During the December 17, 2013 meeting, PEREZ did not inform the FBI that she knew there existed no actual threat to herself, SOTO, or SOTO's children.

5. The investigation into the purported kidnapping plot was a matter within the jurisdiction of the executive branch of the United States government; that is, within the jurisdiction of the FBI.

6. Defendant PEREZ knew that making a false statement or representation to the FBI was unlawful.

7. In doing so, defendant PEREZ knowingly and willfully made statements and representations, in an area within the jurisdiction of the executive branch of the United States government, which she knew to be materially false.

Dated: May 30, 2014

FOR THE DEFENDANT:

_____
NYDIA PEREZ
Defendant

_____
DANNY ONORATO, Esq.
Schertler & Onorato, L.L.P.
575 7th Street, NW
Washington, DC 20004
Attorney for the Defendant

FOR THE UNITED STATES:

JACK SMITH
Chief
Public Integrity Section

By: _____
JUSTIN D. WEITZ
Trial Attorney
Public Integrity Section
Criminal Division
U.S. Department of Justice
1400 New York Ave., NW
Washington, DC  20005
(202) 514-1412